**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION**

**IBRAHIM RODRIGUEZ,**

       **PLAINTIFF,**            **CASE NO.:**
                                      **DIVISION:**

**V.**

**GATE GOURMET, INC.,**

       **DEFENDANT.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, IBRAHIM RODRIGUEZ, by and through undersigned counsel, brings this action against Defendant, GATE GOURMET, INC., and in support of he claims states as follows:

**JURISDICTION AND VENUE**

1.     This is an action for damages in excess of $15,000, exclusive of interest, fees, and costs, and for declaratory relief, for violations of the Florida Private Whistleblower's Act ("FPWA"), Section 448.102 Fla. Stat.

2.     Venue is proper in Hillsborough County, because all of the events giving rise to these claims occurred in this County.

**PARTIES**

3.     Plaintiff is a resident of Hillsborough County, Florida.

4.     Defendant operates an Airline Catering Company in Tampa, in Hillsborough County, Florida.

## GENERAL ALLEGATIONS

5.      Plaintiff has satisfied all conditions precedent, or they have been waived.

6.      Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7.      Plaintiff requests a jury trial for all issues so triable.

8.      At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FPWA, Section 448.101(2), Fla. Stat.

9.      At all times material hereto, Defendant was an "employer" within the meaning of the FPWA, Section 448.101(3), Fla. Stat.

## FACTS

10.     Plaintiff began working for Defendant as a Manager of Transportation and Account Manager in February 1989, and he worked in this capacity until November 2015.

11.     At all times material hereto, Defendant was a Food Service Establishment within the meaning of Section 500.03(r), Fla. Stat.

12.     Due to the nature of its business, Defendant was governed by Fla. Admin. Code R. 5K-4, implemented under the authority of Fla. Stat. 500.09.

13.     Specifically, Defendant was required to meet the requirements of 21 CFR § 110.80(b)(i), "amended to require[] refrigerated foods to be maintained at a temperature of 41 degrees Fahrenheit (5 degrees Celsius) or below." Fla. Admin. Code. R. 5k-4.002.

14.     Defendant was also required to meet the food manufacturing, processing, packing, handling and retailing requirements of Fla. Admin. Code R. 5k-4.004.

15.     Defendant continuously prepared food outside of the cooler, thereby maintaining the foods at temperatures higher than 41 degrees Fahrenheit.

2

16. Specifically, on October 5, 2015, Plaintiff observed meals being prepared by Defendant in temperatures reaching seventy-six degrees.

17. On October 8, 2015, Plaintiff observed that Defendant did not rewash equipment, prior to using it, when a repair conducted on the dish room floor left powder all around the unit and on the equipment.

18. Plaintiff also observed Defendant continuously leave bags of garbage near the area where Defendant would prepare food.

19. As a facility that manufactures, processes, packages, holds, and sales food, Defendant had a legal obligation to maintain refrigerated foods at a temperature of forty-one degrees Fahrenheit (five degrees Celsius) or below.

20. Defendant also had a legal obligation to properly store equipment, litter and waste.

21. Defendant also had a legal obligation to store equipment and utensils in such a location that was protected from splash, dust, and other possible contaminants.

22. Defendant also had a legal obligation to clean all product-contact surfaces of equipment as frequently as necessary to prevent contamination of food.

23. During the course of his employment with Defendant, Plaintiff repeatedly related to his supervisors and to Defendant's Compliance Manager that Defendant was not complying with the aforementioned legal obligations.

24. On or around October 30, 2015, after Plaintiff notified Defendant of its legal obligations, Defendant suspended Plaintiff for one week.

25. On or around November 6, 2015, right before Plaintiff's suspension was scheduled to end, Defendant terminated Plaintiffs employment.

3

## COUNT I – RETALIATION UNDER THE FPWA

26.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 25 of this Complaint, as though fully set forth herein.

27.     Plaintiff opposed and refused to participate in Defendant's violation of Chapter 500, Fla. Stat. and Fla. Admin. Code R. 5K-4.

28.     Specifically, Plaintiff reported the violations that he observed Defendant's Manager of Compliance in writing, thereby engaging in protected activity under the FPWA.

29.     Defendant retaliated against Plaintiff for engaging in protected activity under the FPWA by suspending Plaintiff from employment and then, ultimately, terminating his employment.

30.     Plaintiff was injured by Defendant's violations of the FPWA, for which he is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a)      A jury trial on all issues so triable;

b)      That process issue and that this Court take jurisdiction over the case;

c)      Judgment against Defendant in the amount of Plaintiff's lost wages, benefits, and other remuneration;

d)      Any other compensatory damages allowable at law;

e)      All costs, attorney's fees, and reasonable expenses incurred in prosecuting these claims, in accordance with Fla. Stat. §448.104; and

f)      For such further relief as this Court deems just and equitable.

### JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

4

Dated this ____ day of April, 2016.

Respectfully submitted,

**MATTHEW K. FENTON**
Florida Bar Number: 0002089
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue
Suite 300
Tampa, Florida  33602
Direct Dial: 813-223-6413
Main Number: 813-224-0431
Facsimile: 813-229-8712
E-Mail: mfenton@wfclaw.com
E-Mail: tsoriano@wfclaw.com
**Attorneys for Plaintiff**

5