## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

IBRAHIM RODRIGUEZ,                         )
                                           )
     Plaintiff,                           )
                                           )
v.                                         )    Case No. 8:16-cv-1317-T-23JSS
                                           )
GATE GOURMET INC.,                         )
                                           )
     Defendant.                           )
_____

### ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant, Gate Gourmet, Inc. ("Defendant"), by and through its undersigned counsel, hereby files its answer and affirmative defenses to the Complaint (the "Complaint") filed in this cause by the Plaintiff Ibrahim Rodriguez ("Plaintiff"). Pursuant to Federal Rule of Civil Procedure 12(a), Defendant responds as follows to the numbered paragraphs of the Complaint as follows:

### JURISDICTION AND VENUE

1.    This is an action for damages in excess of $15,000, exclusive of interest, fees, and costs, and for declaratory relief, for violations of the Florida Private Whistleblower's Act ("FPWA"), Section 448.102 Fla. Stat.

**ANSWER:**

**Defendant admits only that Plaintiff purports to proceed as set forth in Paragraph 1. Defendant denies, however, Plaintiff has any valid cause of action and/or is legally entitled to any relief whatsoever. Except as expressly admitted herein, the allegations set forth in Paragraph 1 are denied.**

2.     Venue is proper in Hillsborough County, because all of the events giving rise to these claims occurred in this County.

**ANSWER:**

**Defendant admits only that it does business in Tampa, Florida. The remaining allegations set forth in Paragraph 2 state a legal conclusion and therefore do not require a response by Defendant.  Except as expressly admitted herein, the allegations set forth in Paragraph 2 are denied.**

3.     Plaintiff is a resident of Hillsborough County, Florida.

**ANSWER:**

**Defendant admits that Defendant employed Plaintiff in its Tampa, Florida office, and that its last address on record for Plaintiff was in Tampa, Florida. Except as expressly admitted herein, the allegations set forth in Paragraph 3 are denied.**

4.     Defendant operates an Airline Catering Company in Tampa, in Hillsborough County, Florida.

**ANSWER:**

**Defendant admits that it is the world's largest independent provider of airline catering and provisioning services and that it does business in Tampa, Florida.  Except as expressly admitted herein, the allegations set forth in Paragraph 4 are denied.**

## GENERAL ALLEGATIONS

5.      Plaintiff has satisfied all conditions precedent, or they have been waived.

**ANSWER:**

**The allegations set forth in Paragraph 5 state a legal conclusion and therefore do not require a response by Defendant. Except as expressly admitted herein, the allegations set forth in Paragraph 5 are denied.**

6.      Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

**ANSWER:**

**Defendant admits only that Plaintiff purports to proceed as set forth in Paragraph 6. Defendant denies, however, Plaintiff has any valid cause of action and/or is legally entitled to any relief whatsoever. Except as expressly admitted herein, the allegations set forth in Paragraph 6 are denied.**

7.      Plaintiff requests a jury trial for all issues so triable.

**ANSWER:**

**Defendant admits only that Plaintiff purports to proceed as set forth in Paragraph 7. Defendant denies, however, Plaintiff has any valid cause of action and/or is legally entitled to any relief whatsoever. Except as expressly admitted herein, the allegations set forth in Paragraph 7 are denied.**

8.      At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FPWA, Section 448.101(2), Fla. Stat.

3

**ANSWER:**

**The allegations set forth in Paragraph 8 state a legal conclusion and therefore do not require a response by Defendant. Except as expressly admitted herein, the allegations set forth in Paragraph 8 are denied.**

9.     At all times material hereto, Defendant was an "employer" within the meaning of the FPWA, Section 448.101(3), Fla. Stat.

**ANSWER:**

**The allegations set forth in Paragraph 9 state a legal conclusion and therefore do not require a response by Defendant. Except as expressly admitted herein, the allegations set forth in Paragraph 9 are denied.**

<u>FACTS</u>

10.     Plaintiff began  working for Defendant  as a Manager of Transportation and Account Manager in February 1989, and he worked in this capacity until November 2015.

**ANSWER:**

**Defendant admits only that Defendant employed Plaintiff in various capacities, including as an Account Manager from November of 2013 until November 2015. Except as expressly admitted herein, the allegations set forth in Paragraph 10 are denied.**

11.     At all times material hereto, Defendant was a Food Service Establishment within the meaning of Section 500.03(r), Fla Stat.

**ANSWER:**

**Defendant admits that it is the world's largest independent provider of airline catering and provisioning services and that it does business in Tampa, Florida.   The remaining allegations set forth in Paragraph 11 state a legal conclusion and therefore do not require a response by Defendant. By way of further answer, the cited statute speaks for itself as to whether it applies to Defendant. Except as expressly admitted herein, the allegations set forth in Paragraph 11 are denied.**

12.     Due to the nature of its business, Defendant was governed by Fla. Admin. Code R. 5K-4, implemented under the authority of Fla. Stat. 500.09.

**ANSWER:**

**The allegations set forth in Paragraph 12 state a legal conclusion and therefore do not require a response by Defendant. By way of further answer, the cited statute speaks for itself as to whether it applies to Defendant. Except as expressly admitted herein, the allegations set forth in Paragraph 12 are denied.**

13.     Specifically, Defendant was required to meet the requirements of 21 CFR § 110.80(b)(i), "amended to require[] refrigerated foods to be maintained at a temperature of 41 degrees Fahrenheit (5 degrees Celsius) or below."  Fla. Admin. Code. R. 5k-4.002.

**ANSWER:**

**The allegations set forth in Paragraph 13 state a legal conclusion and therefore do not require a response by Defendant. By way of further answer, the cited statute speaks for itself as to whether it applies to Defendant. Except as expressly admitted herein, the allegations set forth in Paragraph 13 are denied.**

14.     Defendant was also required to meet the food manufacturing, processing, packing, handling and retailing requirements of Fla. Admin. Code R. 5k-4.004.

**ANSWER:**

**The allegations set forth in Paragraph 14 state a legal conclusion and therefore do not require a response by Defendant. By way of further answer, the cited statute speaks for itself as to whether it applies to Defendant. Except as expressly admitted herein, the allegations set forth in Paragraph 14 are denied.**

15.     Defendant continuously prepared food outside of the cooler, thereby maintaining the foods at temperatures higher than 41 degrees Fahrenheit.

**ANSWER:**

**Defendant denies the allegations set forth in Paragraph 15.**

16.     Specifically, on October 5, 2015, Plaintiff observed meals being prepared by Defendant in temperatures reaching seventy-six degrees.

**ANSWER:**

**Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 16 and, on that basis, such allegations are denied.**

17.     On October 8, 2015, Plaintiff observed that Defendant did not rewash equipment, prior to using it, when a repair conducted on the dish room floor left powder all around the unit and on the equipment.

6

**ANSWER:**

**Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 17 and, on that basis, such allegations are denied.**

18.    Plaintiff also observed Defendant continuously leave bags of garbage near the area where Defendant would prepare food.

**ANSWER:**

**Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 18 and, on that basis, such allegations are denied.**

19.    As a facility that manufactures, processes, packages, holds, and sales food, Defendant had a legal obligation to maintain refrigerated foods at a temperature of forty-one degrees Fahrenheit (five degrees Celsius) or below.

**ANSWER:**

**The allegations set forth in Paragraph 19 state a legal conclusion and therefore do not require a response by Defendant.  Except as expressly admitted herein, the allegations set forth in Paragraph 19 are denied.**

20.    Defendant also had a legal obligation to properly store equipment, litter and waste.

**ANSWER:**

**The allegations set forth in Paragraph 20 state a legal conclusion and therefore do not require a response by Defendant. Except as expressly admitted herein, the allegations set forth in Paragraph 20 are denied.**

21.     Defendant also had a legal obligation to store equipment and utensils in such a location that was protected from splash, dust, and other possible contaminants.

**ANSWER:**

**The allegations set forth in Paragraph 21 state a legal conclusion and therefore do not require a response by Defendant. Except as expressly admitted herein, the allegations set forth in Paragraph 21 are denied.**

22.     Defendant also had a legal obligation to clean all product-contact surfaces of equipment as frequently as necessary to prevent contamination of food.

**ANSWER:**

**The allegations set forth in Paragraph 22 state a legal conclusion and therefore do not require a response by Defendant. Except as expressly admitted herein, the allegations set forth in Paragraph 22 are denied.**

23.     During the course of his employment with Defendant, Plaintiff repeatedly related to his supervisors and to Defendant's Compliance Manager that Defendant was not complying with the aforementioned legal obligations.

**ANSWER:**

**Defendant denies the allegations set forth in Paragraph 23.**

24.     On or around October 30, 2015, after Plaintiff notified Defendant of its legal obligations, Defendant suspended Plaintiff for one week.

**ANSWER:**

**Defendant admits only that it suspended Plaintiff in October 2015 for legitimate, non-discriminatory, non-retaliatory reasons including but not limited to Plaintiff's repeated violations of Defendant's policies.  Except as expressly admitted herein, the allegations set forth in Paragraph 24 are denied.**

25.     On or around November 6, 2015, right before Plaintiff s suspension was scheduled to end, Defendant terminated Plaintiffs employment.

**ANSWER:**

**Defendant admits only that it terminated Plaintiff on or around November 6, 2015 for legitimate, non-discriminatory, non-retaliatory reasons including but not limited to Plaintiff's repeated violations of Defendant's policies.  Except as expressly admitted herein, the allegations set forth in Paragraph 25 are denied.**

### COUNT I - RETALIATION UNDER THE FPWA

26.     Plaintiff realleges and readopts the allegations of paragraphs I through 25 of this Complaint, as though fully set forth herein.

**ANSWER:**

**Defendant incorporates its responses to all previous paragraphs as if fully set forth herein.**

27.     Plaintiff opposed and refused to participate in Defendant's violation of Chapter 500, Fla. Stat. and Fla. Admin. Code R. 5K-4.

9

**ANSWER:**

**Defendant denies the allegations set forth in Paragraph 27.**

28.    Specifically, Plaintiff reported the violations that he observed [to] Defendant's

Manager of Compliance in writing, thereby engaging in protected activity under the FPWA.

**ANSWER:**

**Defendant denies the allegations set forth in Paragraph 28.**

29.    Defendant retaliated against Plaintiff for engaging in protected activity under

the FPWA by suspending Plaintiff from employment and then, ultimately, terminating his

employment.

**ANSWER:**

**Defendant admits only that it suspended and then terminated Plaintiff for**

**legitimate, non-discriminatory, non-retaliatory reasons including but not limited to**

**Plaintiff's repeated violations of Defendant's policies.  Except as expressly admitted**

**herein, the allegations set forth in Paragraph 29 are denied.**

30.    Plaintiff was injured by Defendant's violations of the FPWA, for which he is

entitled to legal and injunctive relief.

**ANSWER:**

**Defendant denies the allegations set forth in Paragraph 30.**

**PRAYER FOR RELIEF**

Defendant denies that Plaintiff is entitled to receive any relief in this action, including

that set forth in subsections (a) through (f) of the prayer for relief set forth in the Complaint.

## JURY TRAIL DEMAND

Defendant admits that Plaintiff requests a jury trial in connection with his claims, but denies that Plaintiff is entitled to any relief based on such claims.  Except as expressly admitted herein above, the allegations set forth in Plaintiff's complaint are denied and strict proof thereof is demanded.

## ALL ALLEGATIONS NOT SPECIFICALLY ADMITTED HEREIN ARE DENIED.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state claims, in whole or in part, upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant is entitled to a set-off for any amounts recovered by Plaintiff through his efforts to mitigate his damages or which reasonably could have been recovered by Plaintiff through his efforts to mitigate damages, or from collateral sources.

### THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims are barred, either in whole or in part, by failure to satisfy any applicable conditions precedent to suit, Plaintiff is precluded from recovering on those claims.

### FOURTH AFFIRMATIVE DEFENSE

After-acquired evidence of Plaintiff's misconduct, if discovered, may bar some or all of Plaintiff's claims, allegations, or alleged damages.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims under Fla. Stat. §§ 448.101 *et seq.* are barred, in whole or in part, because Plaintiff failed to bring any actual unlawful activity, policy, or practice to the attention of a supervisor or Defendant in writing and to afford Defendant a reasonable opportunity to correct any such actual unlawful activity, policy or practice.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Manager Rule because Plaintiff was responsible for correcting the conditions of which he claims to have complained, and, therefore, did not engage in protected activity.

## SEVENTH AFFIRMATIVE DEFENSE

Any adverse personnel action taken with respect to Plaintiff was taken for legitimate, non-discriminatory, non-retaliatory reasons and was predicated upon a basis other than, and would have been taken absent, Plaintiff's alleged exercise of a right protected by the Florida Whistleblower Act, §§ 448.101-448.105, *Florida Statutes*.

## EIGHTH AFFIRMATIVE DEFENSE

Even if Plaintiff were able to establish a claim under Fla. Stat. §§ 448.101, *et seq.*, to the extent Plaintiff is able to show that any protected activity was a motivating factor for any tangible adverse personnel action, the same action would have occurred in the absence of such impermissible motivating factor(s), and accordingly Plaintiff is not entitled to any relief.

## NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has failed to make a good faith, reasonable effort to mitigate his damages, he is not entitled to relief.

## TENTH AFFIRMATIVE DEFENSE

Any alleged unlawful actions by current or former employees of Defendant were undertaken outside the course and scope of their employment or by third parties, and any such actions cannot form the basis for Plaintiff's purported whistleblower claim because Defendant has not ratified, authorized, or condoned any such unlawful conduct, and they are not the actions of Defendant, and they were not the actions of Plaintiff's Employer.

## ALTERNATIVE AFFIRMATIVE DEFENSE

Any claims contained in the complaint may be barred by any or all of the defenses contemplated by Rule 8(c) of the Federal Rules of Civil Procedure. The extent to which Plaintiff's claims may be barred by one or more of the defenses not specifically set out, but cannot be determined until Defendant has had the opportunity to complete discovery, Defendant incorporates all such defenses as full set forth herein.

WHEREFORE, Defendant Gate Gourmet respectfully requests that judgment be entered in its favor and against Plaintiff, and that it be awarded costs and attorneys' fees incurred in defending this action, as well as such further relief as the Court deems just and appropriate.

At this point, discovery in this action has not been commenced or accomplished in any fashion, as, as such, Defendant reserves its right to amend its answer to add additional affirmative and other defenses, or to delete or withdraw such defenses, without assuming the burden of proof on any such defense that would otherwise rest on Plaintiff, or to add

counterclaims, as may become necessary at any time during the course of this litigation and after a reasonable opportunity for appropriate discovery.

Dated:  May 31, 2016

Respectfully submitted,

/s/ Peter W. Zinober
Peter W. Zinober (FBN 121750)
zinoberp@gtlaw.com
Sara G. Sanfilippo (FBN 113399)
sanfilippos@gtlaw.com
GREENBERG TRAURIG, P.A.
101 East Kennedy Blvd., Suite 1900
Tampa, FL  33602
Telephone:  (813) 318-5700
Facsimile:  (813) 318-5900

John R. Richards (GBN 212612)
(Pro Hac Vice Pending)
Email: richardsjr@gtlaw.com
GREENBERG TRAURIG, LLP
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
Telephone:  (678) 553-2100
Facsimile:  (678) 553-2212

*Counsel for Defendant Gate Gourmet, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31 day of May, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

/s/ Peter W. Zinober
Attorney

*ATL212278332*

14